IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA LAVELL KAISER, | ) | |
| ID # 32626-177, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:15-CR-42-M (BH) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By an order of referral dated October 16, 2018 (doc. 53), before the Court is the defendant's *Petition for Modification of Sentence Pursuant to Post-sentencing Rehabilitation in Light of Pepper v. United States*, received on February 28, 2018 (doc. 52), which is liberally construed as a motion to modify her sentence under 18 U.S.C. § 3582(c). Based on the relevant findings and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

Defendant Yolanda Lavell Kaiser (Movant) pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and was sentenced to 132 months' imprisonment. (*See* doc. 50.) She now seeks a sentence reduction based on her rehabilitation. (*See* doc. 52.) The motion is liberally construed as a motion to modify her sentence under 18 U.S.C. § 3582(c).

### II.  ANALYSIS

Section 3582(c) limits a district court's authority to modify a term of imprisonment after it has been imposed. A modification of sentence is authorized when expressly permitted by statute under § 3582(c)(1)(B); when the Director of the Bureau of Prisons moves for a reduction of sentence for reasons set out in § 3582(c)(1)(A); when correcting a sentence that resulted from arithmetical, technical, or other clear error if corrected timely after sentencing under § 3582(c)(1)(B) and Fed.

R. Crim. P. 35(a); when the government moves for a reduction under § 3582(c)(1)(B) and Rule 35(b); and under § 3582(c)(2), when there has been a retroactive lowering of the sentencing range by the Sentencing Commission. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

Here, Movant does not allege an authorized basis for modification of her sentence. Her reliance on *Pepper v. United States*, 562 U.S. 476 (2011), does not provide a basis for a sentence reduction or modification. In *Pepper*, the Supreme Court held that after a sentence has been set aside on appeal, the district court may consider the defendant's rehabilitation when re-sentencing. *See id*. at 490. Movant's sentence has not been set aside, so *Pepper* does not apply. She has not shown that she is entitled to a modification of her sentence under § 3582(c).

### III.  RECOMMENDATION

The motion, liberally construed as a motion for modification of sentence under 18 U.S.C. § 3582(c), should be **DENIED**.

**SIGNED on this 17th day of October, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3